## TAYLOR ET AL. VS. MOORE.

On a plea of failure of consideration, setting forth that on the sale of the property for which the note in suit was given, the plaintiff had represented it to be sound, etc, and alleging that such representations were false and fraudulent, the main fact in issue is, that the representations were made as alleged, and were false and fraudulent; and if the defendant fail to prove the representations, the court may well exclude all evidence as to the soundness, etc., of the property, as being irrelevant to the issue.

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GATEWOOD and MARTIN, for the appellant.

GARLAND & RANDOLPH, and WILLIAMS, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Charles D. Taylor and John A. Frith, as C. D. Taylor & Co., made their note to J. Watson, or bearer, which was assigned to Moore, who sued upon it in the Prairie Circuit Court. The defendants pleaded a failure of consideration, the plea stating that the note was given to Watson in part consideration of a wharf boat, bought of him by the defendants, upon Watson's representations that the boat was good and sound, and adapted to the use for which the defendants wished to use it, Watson knowing what that use was to be ; that such representations were false and fraudulent ; that the boat was in a leaky and sinking condition when bought, and sank shortly after being brought to Des Arc, and was worthless to defendants.

Taking it for granted that an issue was made upon the plea, which the record does not show, and that the plea is good, which we doubt, it was entirely unsupported by any evidence that Watson made any false representations about the boat, or that he is any way liable to the charge of crafty or fraudulent dealing, charged upon him in the plea. All the evidence introduced by the defendants to prove the leaky and sinking condition of the boat while at Des Arc, that it did fill with water, despite the attempts made to keep it afloat, and was lost to the defendants; and that the boat leaked while at Helena, where it was when Watson owned it, was irrelevant to the main fact of the plea, which was, that these facts were contrary to representations made by Watson, and that they were falsely and fraudulently made. It must have been upon this ground that the

Circuit Court excluded all the evidence of the defendant, and we cannot say that in doing so it erred. The right of the court to pass upon the competency of testimony is equal to that of the jury to determine its weight when submitted to them. The defendants had the privilege of introducing the testimony, subject to the condition of connecting it with proof of such representations by Watson, as the plea charged him to have made, as they might prove the several parts of their plea in the order that suited them. But when their testimony was closed, and no proof was given that Watson had made any representations of the goodness and soundness of the boat, of his knowledge of the use to which the defendants wished to put it, and of its adaptation to that use, the testimony was liable to be stricken out, as not supporting the plea of failure of consideration, and as being irrelevant to any issue formed in the case. If it did not establish the plea of failure of consideration, it was not, of course, admissible under the general issue, for the consideration of the note sued on, could only be impeached upon plea supported by affidavit. We do not pretend to say, that there was, or was not, a plea of the general issue in the case, the transcript leaving it in doubt.

Perceiving no error in the judgment of the Circuit Court, which was for the plaintiff upon the note according to its face, and from which the defendants appealed, it is affirmed.